# SOUTHEAST SERVICES, INC. v HOCHSTADT

## Case No. 84-283 AP (County Court Case No. 78-4034CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

May 11, 1987

### APPEARANCES OF COUNSEL

**Alfonso J. Perez** and **Cynthia I. Chiefa, Britton, Cohen, Cassel, Haufman & Schantz, P.A.,** for appellant.

**Brad I. Schandler** for appellee.

**Ann Mason Parker** (precluded) and **Phyllis Harte,** appellant attorneys.

Before HENDERSON, SALMON, ROBINSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Appellant originally brought this action to collect approximately

$2,100 from the Appellee. The Appellant was successful in the trial court; however this court reversed the original judgment with instructions to enter judgment in accordance with our opinion. We perceived this opinion to require that the trial court reduce the amount awarded in the original judgment to those charges which accrued through April 21, 1977.[1] All other aspects of the judgment (which included a ruling against the Appellee upon his counterclaim) were affirmed.

What this court's mandate required was entry of final judgment in favor of Appellant for those charges which accrued through April 21, 1977, plus appropriate interest, attorney's fees and costs.[2]

The order which is before us for review did not do that, but, instead, awarded attorney's fees to two attorneys who were associates in firms that at some stage of the proceedings represented Appellee.[3] The order appealed states that the court retains jurisdiction for the purposes of entering further judgments and orders with regard to the claim of Appellant against Appellee. That is precisely what our previous mandate required; no more. Accordingly, we reverse the award of attorney's fees contained in the order before us for review, with directions to enter judgment for the amount due to the Appellant from Appellee through April 21, 1977 plus interest and such costs and attorney's fees, if any, that the court finds appropriate.

Reversed and remanded with instructions.

------

[1] From the record now before us this sum appears to be $615.42 ($829.65 less $214.23 paid on account).

[2] We note that the judgment appealed originally contained a reservation of jurisdiction to consider attorney's fees and costs.

[3] Hochstadt is appelle by virtue of Fla. R. App. P. 9.020(f)(2). In addition, he filed a notice of appeal to contend that the award of fees should be made to him instead of the attorneys. Because of our ruling, that claim is moot.